UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

HELDAY TORRES JIMENEZ          CASE NO. 09-03849 ESL
                                Chapter 13
   Debtor(s)

**OPINION AND ORDER**

The issue before this court is what sanctions and/or disciplinary action should be imposed on attorney Frederic Chardon Dubos for having violated Model Rule 1.15 of the Model Rules of Professional conduct of the American Bar Association, adopted by Local Rule 83.5 of the Local Rules of the U. S. District Court for the District of Puerto Rico, made applicable to this court by Local Rule 1001 of the Local Rules of the U.S. Bankruptcy Court for the District of Puerto Rico. Model Rule 1.15 (SAFEKEEPING PROPERTY) provides that "[a] lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property." The prohibition in the model rule provides for limited exceptions, none of which are applicable to the facts of this case.

In order to place the issue in its proper perspective, a relation of the travel of the case is necessary. Although the debtor has expressed dissatisfaction for the legal services provided by attorney Frederic Chardon Dubos, the only issue before the court is whether Model Rule 1.15 was violated. A factual and procedural background follows.

FACTS AND PROCEDURAL BACKGROUND

A. Filing to Confirmation:

The debtor filed a voluntary chapter 13 petition on May 12, 2009. Mr. Frederic Chardon Dubos (Chardon) represented the debtor. The 341 meeting of creditors scheduled for June 24, 2009

was not held because the debtor failed to appear. Counsel for the debtor appeared at the meeting.

Upon debtor's failure to appear at the 341 meeting of creditors and commence payments under the proposed chapter 13 plan, the chapter 13 trustee moved for the dismissal of the case. The debtor, through counsel opposed and requested the rescheduling of the 341 meeting of creditors as well as the hearing on confirmation. Debtor's requests were granted by the court.

On September 1, 2009 the debtor filed an amended chapter 13 plan. The trustee filed an unfavorable recommendation alleging that the plan was insufficiently funded and failed the liquidation values test. 11 U.S.C.A. §§ 1325(b), 1325(a)(4). The matter was heard on September 2, 2009. The hearing was continued without a date. The debtor was ordered to file an amended chapter 13 plan within 15 days that provides for a present value of $7,595 for unsecured creditors based on an interest rate of 4.25%. Debtor was to give 25 days notice to all parties and, if no opposition filed, the same would be confirmed. Because the debtor failed to file an amended plan the chapter 13 trustee moved for the dismissal of the case. The court entered an order dismissing the case on October 5, 2009.

The debtor moved for reconsideration of the dismissal order and filed an amended plan on October 13, 2009. Since there was no opposition, the motion for reconsideration was granted. A hearing on confirmation was scheduled. There were no objections to confirmation and the chapter 13 trustee favorably recommended confirmation. The chapter 13 plan dated October 13, 2009 was confirmed on February 26, 2010.

B.  Confirmation to Dismissal:

On July 29, 2010 the chapter 13 trustee moved to dismiss the case for failure to make payments on the confirmed plan. The debtor moved pro se opposing the chapter 13 trustee's motion to dismiss (dkt. #42). The debtor alleges he is incapacitated, under medication, living on social

security income unable to pay the amounts being asked for by the attorney and plan. Debtor alleges he does not understand the agreement on the monthly payments to be made under the plan, and expressed he no longer trusts his attorney and is dissatisfied with his professional services. The motion to dismiss was scheduled for an actual hearing on October 27, 2010.

The day before the hearing, that is, October 26, 2010, counsel for the debtor filed an informative motion explaining how the amount of $1,000 were apportioned, stating that the confirmed plan was verbally explained to the debtor, and that the debtor was advised of consequences of converting to chapter 7. The debtor appeared at the hearing scheduled for October 27, 2010. Counsel for the debtor did not appear. The U.S. Trustee appeared. At the hearing it was established that the debtor had paid $1,488, was in arrears in the amount of $1,851, and that the last payment had been made in March 2010. The court continued the hearing without a date and ordered the chapter 13 trustee and the United States Trustee to meet with the debtor and discuss the allegations made by the debtor in open court and then move the court.

On December 7, 2010 the chapter 13 trustee and the United States Trustee filed a joint motion to dismiss on the grounds that the debtor was in arrears with the payments on the confirmed plan for the amounts established at the hearing held on October 27, 2010. On December 29, 2010 the court granted the joint motion to dismiss. The court retained jurisdiction to consider ethical issues presented by the U.S. Trustee. The ethical issue is detailed below.

C. Ethical Violation:

On December 7, 2010 the United States Trustee filed a motion praying the court to issue an order to show cause to attorney Chardon why he should not be sanctioned or held subject to disciplinary action for his alleged violation of Rule 1.15 of the Model Rules. The United States Trustee alleges that depositing monies received from debtors in a "sort of trust account" as described

by counsel for the debtor, to then make disbursements to the chapter 13 trustee for plan payments may constitute commingling of funds in violation of Model Rule 1.15. Counsel for the debtor replied in an informative motion that he never told the debtor that he could not make direct payments to the chapter 13 trustee. Counsel indicates that such a procedure was offered to debtors that did not have a checking account. Counsel informs that he has an account with Banco Popular de Puerto Rico that is a "sort of trust account" because trust accounts for attorneys are not legally permissible in Puerto Rico, as in other stateside jurisdiction. Counsel admits that he is the account holder. He further informs that he has a separate checking account at Banco Popular de Puerto Rico which is used for payroll and payroll taxes, as well as for personal draws. Chardon informs that the practice of offering and establishing payments through his "trust account" has "been discontinued due to the burdensome administrative expenses it entailed."

A hearing to consider the United States Trustee's motion for an order to show cause and counsel's informative motion was scheduled for March 9, 2011. At the hearing the debtor appeared and informed the United States Trustee that he did not know what was happening at the hearing. After considering the arguments by the parties the court concluded that attorney Chardon had violated Rule 1.15 of the Model Rules and stated that an opinion would be issued. The court further ordered counsel for the debtor to brief the debtor on the subject matter of the hearing and to file an informative motion. On March 21, 2011 counsel for the debtor filed an informative motion detailing the explanation given to the debtor on the matter before the court. The court has reviewed the same and finds that the explanation is complete and accurate.

Counsel for the debtor filed a memorandum of law regarding Rule 1.15 of the Model Rules. He admits that commingling of funds is wrong, that the opening of the account to deposit payments from debtors to disburse the same to the chapter 13 trustee was a good faith effort, albeit based on

a "mistaken understanding of the legal and ethical requirements of ABA Model Rule 1.15." Chardon informs that he has opened "a Frederic Chardon Dubos Law Office Escrow Account with Oriental Bank & Trust on March 11, 2011 the deposits of which are shielded from the undersigned counsel's creditors and otherwise complies with the legal and ethical requirements of trust accounts." Counsel's opening of a trust account to deposit funds received from debtor/clients to then pay the chapter 13 trustee shows the same reasoning adopted at the hearing held on March 9, 2011. See transcript in dkt. #67. Counsel's position is that practice was not wrong; but the problem was that trust accounts were not legally available for attorneys. Apparently now they are. Irrespective of whether such accounts are legally available to attorneys, the same must meet the requirements in Model Rule 1.15. For the reasons that follow, the court finds that the accounts opened by attorney Chardon do not meet the requirements in Model Rule 1.15.

## DISCUSSION

Model Rule 1.15(a) states that "[a] lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client or third person. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of [five years] after termination of the representation."

Clearly, commingling of a client's funds with lawyer's funds is impermissible. Model Rule 1.15 mandates that a lawyer's property be kept separate from that of his clients. The prohibition against commingling ensures that a client's funds are beyond the reach of a lawyer's creditors, as well as preventing the hiding of a lawyer's assets in a client's account, and minimizes the risk of

misappropriating or misusing a client's assets.

A client's funds may be kept in a separate account with the consent of the client. The property must be identified as property of the client and appropriately safeguarded. The lawyer must keep complete records of such funds. The records must meet generally accepted accounting practices and any requirement established by law or court order.

The only exceptions to a lawyer depositing funds in the separate account of the client are set forth in Model Rule 1.15(,b). A lawyer may "deposit funds in a client's trust account for the sole purpose of paying bank service charges on that account, but only in an amount necessary for that purpose" and "legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as the fees are earned or expenses incurred." The exceptions are not applicable to the facts of this case or the practice followed by attorney Chardon.

Counsel proffers that the new trust account opened with Oriental Bank and Trust does not allow the lawyer's creditors from attaching the same. However, copy of the contract governing the subject account has not been provided. Therefore, the court has not been placed in a position to conclude that one of the risks that Model Rule 1.15 aims to prevent has been duly shielded. Furthermore, Counsel has not clearly stated whether: the new trust account is a separate account for each debtor; if each debtor has consented for the attorney to keep the funds in a separate account; if the service of opening a separate trust account is included and disclosed in the written retainer contract required by 11 U.S.C.A. § 528; and a detail of the books and records maintained by the attorney which comply with generally accepted accounting practices. This information is necessary to determine if Model Rule 1.15 is being complied with. Failure to disclose the information is fatal to allowing the lawyer to keep a separate account for each debtor. If there is one trust account for all debtors , then the same is proscribed by Model Rule 1.15.

Moreover, there is no disclosure as to whether the lawyer is a fiduciary of the debtor that may warrant maintaining a separate account for payments to be made on a chapter 13 plan. There may be special circumstances which may warrant an attorney to open a separate trust account for a specific client because administering the same is crucial to the success of the litigation. The fact that a debtor does not have a checking account does not, by itself, warrant the opening of a trust account to deposit monies that in turn will be forwarded to the Chapter 13 trustee as a payment on a confirmed plan. Also, there is a potential risk concerning the disposition of funds if the plan is not confirmed and the debtor has made the plan payments to the attorney. The control of the account is by the attorney when the funds belong to the debtor. The court declines to favorably sanction such practice.

## CONCLUSION

In view of the foregoing, the court finds that counsel's past practice violated Model Rule 1.15 and that the opening of a trust account does not meet the requirements of Model Rule 1.15.

## SANCTION

The court hereby reprimands attorney Frederic Chardon Dubos for having violated Model Rule 1.15 and enjoins him from using the trust account at Oriental Bank and Trust as a vehicle to channel payments from chapter 13 debtors to the chapter 13 trustee.

SO ORDERED.

San Juan, Puerto Rico, this 3rd day of May, 2011.

_____
ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge